# United States District Court
# Northern District of Indiana

| | | |
|---|---|---|
| CHRISTOPHER E. WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:16-CV-552 JVB |
| | ) | |
| PARKVIEW HOSPITAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### OPINION AND ORDER

Christopher E. Washington, a *pro se* prisoner, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that a physician at Parkview hospital engaged in medical malpractice when he treated him on September 8, 2008. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Washington alleges that Dr. David Gertzen acted negligently when he treated Washington for a broken leg nearly eight years ago. Washington sues both Parkview Hospital and Dr. Gertzen for money damages. As a threshold matter, it appears that Dr. Gertzen's actions did not violate a federal constitutional right and he was not acting under color of state law. *See Polk County v. Dodson*, 454 U.S. 312 (1981). Nevertheless, even if Dr. Gertzen were a state actor, negligence or medical malpractice does not establish a constitutional claim, since "the

Eighth Amendment does not codify common law torts." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (quoting *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)). This case presents no federal claim, and so must be dismissed.

Moreover, any alleged constitutional claim would also be time barred. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Here, Washington's claim arose on September 8, 2008. Thus, he had until September 8, 2010, to file any federal constitutional claim. However, the complaint was not signed until August 12, 2016, almost six years after the statute of limitations had expired. Although the statute of limitations is an affirmative defense, dismissal is appropriate where it is clear that the claim is time barred. *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674 (7th Cir. 2009). Because it has clearly been more than two years since this claim arose, it must be dismissed.

The court will dismiss any state law claims contained in the complaint without prejudice should Washington wish to pursue them in state court. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.,* 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c)."). The court offers no opinion about the wisdom of pursuing this course or the merit of any potential claim he may have.

As a final matter, Washington asks the court to waive his filing fee. (DE 3.) This the court cannot do. Pursuant to 28 U.S.C. § 1915(b)(1), "if a prisoner brings a civil action . . . the prisoner shall be required to pay the full amount of a filing fee." Washington was a prisoner when he filed

this lawsuit, therefore he must pay the full filing fee.

For these reasons, the federal claims contained in the complaint (DE 1) are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A, and any state law claims contained in the complaint are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c). Further, the motion to waive the filing fee is **DENIED**.

**SO ORDERED** on September 8, 2016.

  s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division